instruct you, by counsel for defendant, that the affidavit of Frederick Young should be taken as conclusive evidence of the circumstances, occasion and manner of the alleged injury. This I must decline to do, but I say to you that you have the right to consider the affidavit in connection with the testimony of the witness Young, given on the trial, and as bearing upon his credibility, to see whether any, and if so, what, variances exist between the statements in the affidavit and the present testimony of the witness. To that extent, and as bearing upon the circumstances of the alleged injury, you may take into consideration the contents of the affidavit.

[In view of the qualification at the end of the warranty signed by Mrs. McCarthy, I do not think the statements contained in the affidavit and certificates of the surgeons, which are part of these proofs of loss, are to be regarded as declarations or admissions by her or on her part, and they will not be so considered by you. There is a clause in this policy to the effect that the insurance shall not extend to any bodily injury of which there shall be no external and visible sign. If the alleged injury in this case was sustained as claimed, namely the rupture of a blood vessel, and as a consequence blood was expectorated or thrown off by the deceased, that of course would be an external and visible sign of the injury.] [2]

I have been asked to instruct you concerning the burden of proof in this case. Upon that subject I say to you that neither party is bound to prove negatives. Upon each rests the burden of proving the affirmative matter which he alleges and upon which issue is taken. The plaintiff is bound in the first instance to prove that the deceased sustained injury; that such injury was effected through the means specified in the policy and was sufficient to cause death, and that death ensued. The defendant company, alleging as it does that death was caused by disease and not by the injury, then assumes the burden of proving what it thus affirmatively alleges.

[You ought not, gentlemen, to adopt theories without proof; nor is the jury at liberty to disregard positive uncontradicted evidence of facts testified to by credible witnesses, and substitute therefor bare possibilities. In other words, the jury ought not to disregard, but on the contrary should believe, the testimony of credible witnesses as to facts coming to their personal knowledge, and which are not improbable nor in conflict with or uncontradicted by other evidence in the case, as against what may be bare possibility, on conjecture, or theory.] [2]

Now, to sum up the case in brief: if you find from the evidence, that the deceased, J. J. McCarthy, on the 25th day of May, 1877, sustained the bodily injury which is alleged, and that such injury was effected wholly through means which were external, violent and accidental, and that the injury was the proximate and sole cause of his death, then the plaintiff would be entitled to recover and should have a verdict.

But if you find, either that the alleged injury was not sustained, or that, if sustained, it was not effected through external, violent and accidental means, or that it happened directly or indirectly in consequence of disease then actually existing, or that death was caused wholly or in part by bodily infirmities or disease existing either prior or subsequent to the date of the policy of insurance, then your verdict should be for the defendant.

Verdict for plaintiff.

McCARTHY (UNITED STATES v.). See Case No. 15,656.

McCARTNEY (ABBOTT v.). See Case No. 12.

McCARTNEY (BLAKE v.). See Case No. 1,498.

McCARTNEY (MERCHANTS' INS. CO. v.). See Case No. 9,443.

## Case No. 8,683.

### In re McCARTY.

[Nowhere reported; opinion not now accessible.]

## Case No. 8,684.

### In re McCARTY.

[5 Law Rep. 322.]

District Court, S. D. New York. Aug., 1842.

BANKRUPTCY—FALSE INVENTORY—EVIDENCE—PRACTICE.

[In the matter of John Q. McCarty, a bankrupt.]

The case was heard on objections and proofs reported by a commissioner.

A. G. Rogers, for bankrupt.
H. Holden, for creditor.

THE COURT decided, that the only matter involved in the objections that the bankrupt had not made a true inventory of his property was the fact of his actual condition at the time his application was made. That evidence falsifying his allegation, that he casually lost $3,300 in the year 1839, would not be sufficient to disprove the verity of his petition and inventory, without facts or circumstances connecting his possession of the money more directly with the time of his application. Quaere, whether if the creditor examines the bankrupt on oath, to a fact to which he directly testifies, and afterwards discredits his testimony as to particulars bearing upon the fact, he has a right to infer the fact to be contrary to the express assertion of the bankrupt.

[2] [From 8 Ins. Law J. 208.]